UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| APEX GOLF PROPERTIES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-250 |
| | § | |
| ALLSTATE INSURANCE COMPANY, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER OF REMAND

Before the Court is Plaintiff's Motion to Remand (D.E. 7) and Defendants' Response (D.E. 16). Plaintiff, Apex Golf Properties, Inc. (Apex), challenges Defendants' claim of diversity jurisdiction because the non-diverse Defendants, J.T. Tollett, III (Tollett) and Swantner & Gordon Insurance Agency, LLC (S&G), are properly joined. For the reasons set out below, the Motion is GRANTED.

## STANDARD OF REVIEW

Defendant Allstate Insurance Company (Allstate), with the consent of Tollett and S&G, removed the case to this Court solely on the basis of diversity jurisdiction, 28 U.S.C. § 1332, alleging that Tollett and S&G, both of which are non-diverse, were improperly joined. D.E. 1. "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir.2004) (*en banc*). The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in

state court. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Only the second method is at issue here.

The Court resolves this matter by evaluating "all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)); s*ee also Boone*, 416 F.3d at 388; *Smallwood*, 385 F.3d at 573. The relevant allegations are stated in the Plaintiff's First Amended Original Petition (D.E.1–2, pp. 15-24) filed in state court, which is the operative pleading for this jurisdictional question. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

Post-removal affidavits and explanations may be considered to the extent that they "clarify or amplify the claims actually alleged in the amended petition that was controlling" when the suit was removed. Such additional matters may not be used to add causes of action or theories in the case. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). Apex has filed its Second Amended Complaint (D.E. 12), which the Court may reference in interpreting the causes of action or theories alleged in the First Amended Complaint.

### THE PLEADING

Apex asserts that it purchased and operated the Pharoahs Country Club and golf course. At all times, the property was insured by a policy issued by Allstate through

insurance agents Tollett and S&G. Facing closure of the property in late 2009 because of the economic environment, Apex sought proper handling of continuing insurance coverage required by its mortgagee. Apex alleges that it consulted with S&G and Tollett and specifically gave them notice of the changed use of the property—closing the country club, but maintaining active use of a business location and storage facility. Apex claims that, with that knowledge, Defendants renewed the existing coverage and that Apex relied upon S&G and Allstate to properly insure the property once its usage was officially changed with closure of the country club in April 2010.

In 2012, the roof of the property was vandalized by theft of copper, which did not become apparent until after rain penetrated the roof and further damaged the property. Apex made a claim on the policy by supplying the necessary documentation to Defendants and the claim was denied. Defendants and their agents viewed the damaged property. However, Apex alleges that Defendants failed to properly and promptly investigate, estimate, and pay its covered claim.

More specifically applicable to Tollett and S&G, Apex claims that the Defendants omitted information, or made false, misleading, and/or deceptive representations of fact regarding the policy's coverage. Apex further alleges that the conduct was done knowingly and under circumstances constituting willful, wanton, and reckless disregard of Apex's rights and was unconscionable within the meaning of the Texas Deceptive Trade Practices Act.

Defendants contend that Apex's pleading refers to conduct that cannot be attributed to Tollett or S&G, and that reference to "the Defendants" is insufficient to state

a claim against Tollett and S&G as distinguished from claims against Allstate. In its Second Amended Complaint, Apex expanded its pleading and more specifically asserted that "Defendants Swantner & Gordon and Tollett failed to obtain insurance that would cover the use of the property." D.E. 12, p. 5.

## DISCUSSION

This is an insurance dispute governed by Texas law. The most specific claim made against Tollett and S&G is that they knew that Apex was closing the facility, and knew that Apex needed continuing coverage that would take into consideration that the property was experiencing minimal usage, yet they renewed a policy that would not cover the risks to property not fully used. Apex relied on S&G and Tollett's representations or omissions that communicated that the policy provided the necessary coverage, and Apex was damaged by that reliance. The question presented to the Court is whether, as a matter of law, Apex cannot recover under that theory. *Crockett, supra*.

Texas courts have recognized a cause of action against an insurance agent who engages in unfair or deceptive acts or practices. An insurance sales agent may be individually liable when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation actually causes the insured to incur damages. *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998); *State Farm Fire & Casualty Co. v. Gros*, 818 S.W.2d 908 (Tex. App.—Austin 1991, no writ) (agent misrepresented that damage to home from mudslide was covered under homeowner's policy). The Fifth Circuit has also specifically recognized that Texas law allows a cause of action for misrepresentations regarding the scope of policy

coverage. *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 860 (5th Cir. 2003) (citing *Lexington Ins. Co. v. Buckingham Gate, Ltd.*, 993 S.W.2d 185, 195 (Tex. App.-Corpus Christi 1999, pet. denied) (finding that an agent's statement that a policy "cover[ed] all risks," when the policy included several exclusions, was an actionable misrepresentation)).

Defendants contend that Apex has failed to assert a sufficient cause of action, relying on *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999). In *Griggs*, the plaintiff complained not of the agent's improper selection of an insurance policy but of claims handling performed by the carrier. The agent was identified, but there were no allegations that pertained to her conduct. The Fifth Circuit found the non-diverse insurance agent had been improperly joined because the pleading failed to allege facts that were specific to the agent, the conduct included in generic pleadings against the "defendants" could not possibly be attributed to the agent, and the plaintiff had taken no measures to even serve the agent with process. *Griggs*, at 699. The *Griggs* opinion actually acknowledges that, if the facts fit within the parameters of *Gros*, the agent would be properly joined. *Griggs*, at 701.

*Griggs* is distinguishable. Having found that Texas recognizes a cause of action against an insurance agent for misrepresentation of the scope of policy coverage and having found that Apex alleged that cause of action against the non-diverse Defendants, Tollett and S&G, the Court need not reach the other factual allegations or legal theories addressed by the parties. Defendants have not sustained their burden to show that Apex cannot recover under any theory pled against Tollett and S&G and that they are

improperly joined. Consequently, this case does not satisfy the requirements of diversity jurisdiction and this Court must remand.

## CONCLUSION

For the reasons set out above, the Court GRANTS Apex's Motion to Remand (D.E. 7) and REMANDS this action to the 28th Judicial District Court of Nueces County, Texas, the court from which it was removed.

ORDERED this 21st day of October, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE